Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 768 | DATE | 12/4/2001 |
| CASE TITLE | Manufacturers & Traders Trust Co. vs. Jorge L. Medina, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing set for December 12, 2001 at 9:30a.m. Plaintiff's motion for summary judgment is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | DEC 05 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | cm |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | DOCKETING 01 DEC -4 PM 6:01 | 34 |
| | | | date mailed notice |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
DEC 0 5 2001

| | |
|---|---|
| MANUFACTURERS & TRADERS TRUST CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JORGE L. MEDINA, DELORES S. MEDINA, ) <br> PAUL P. HARRIS, as trustee, ) <br> HARRIS LOAN AND MORTGAGE CORP., ) <br> as payee, QUALITY HOME REALTORS, and ) <br> WILLIAM A. KELLY, ) <br> ) <br> Defendants. ) | 01 C 768 <br><br> Judge George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Manufacturers & Traders Trust Company sued defendants to foreclose a mortgage, and now has moved for summary judgment. For the reasons stated below, plaintiff's motion is denied.

The Federal Rules of Civil Procedure provide that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Affidavits submitted in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R.

Civ. P. 56(e).

Plaintiff's motion for summary judgment attaches a supporting affidavit prepared by plaintiff's attorney, who swears that he "is familiar with the material allegations" contained in the complaint and further swears that "said allegations are true." The only evidence plaintiff cites in support of its Local Rule 56.1 Statement of Material Facts is this affidavit and the complaint. Plaintiff's supporting affidavit does not comply with Rule 56, and the court disregards it.[1] Without the affidavit and the Local Rule 56.1 facts it was designed to support, plaintiff's motion essentially becomes a motion for judgment on the pleadings, and the court treats it as such. When reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), a court considers the pleadings and documents incorporated by reference to the pleadings, and uses the same standard applicable to a Rule 12(b)(6) motion to dismiss. United States v. Wood, 925 F.2d 1580, 1581-82 (7th Cir. 1991).

The uncontested allegations found in the complaint and answer are insufficient to support plaintiff's claim for mortgage foreclosure. Under the Illinois Mortgage Foreclosure Law, copies of the mortgage and note must be attached to the complaint. 735 ILCS 5/15-1504. In their

---

[1] Nor does plaintiff's motion for summary judgment comply with the rules. The motion states, in its entirety:

> Now comes Plaintiff, by FISHER AND FISHER, its attorneys, and moves for Summary Judgment of Foreclosure and Sale against Jorge L. Medina and Delores S. Medina, and in support thereof states that based on the pleadings and supporting affidavit placed of record with this court, there are no genuine issues as to any material facts and Plaintiff is entitled to a Judgment of Foreclosure on the complaint in this case as a matter of law.

Fed. R. Civ. P. 7(b)(1) requires that a motion "state with particularity the grounds therefor..." Plaintiff uses the risky practice of relying on its Local Rule 56.1 statement to supplement its deficient motion. The court discourages this practice in future filings by plaintiff's counsel.

answer, defendants "admit that attached as Exhibit 'A' is what purports to be a copy of the note, as Exhibit 'B' is what purports to be a copy of the mortgage and as Exhibit 'C' is what purports to be a copy of the assignment(s) secured thereby." This admission is odd, since the complaint attaches an incomplete copy of the mortgage, an unsigned and undated document purporting to be an assignment of the mortgage from ContiMortgage Corporation to plaintiff, and fails altogether to attach the note.[2] Defendants' statement regarding the identity of instruments that are not before the court can have no legal effect in authenticating them. Moreover, defendants' answer to the complaint denies plaintiff's allegations that defendants' mortgage is in default and that there is an unpaid principal balance of $76,349.62.

Plaintiff attempts to cure these deficiencies by attaching to its reply a number of documents, including a complete copy of the mortgage, the note, a complete copy of the assignment, and mortgage payment records. The reply also attaches an affidavit of an individual identified as an "Authorized Servicing Agent" for plaintiff, who swears merely to a familiarity with the material allegations in the complaint. This new affidavit neither is based on personal knowledge regarding the instruments and debt at issue nor otherwise establishes a foundation supporting the admissibility of any documents. In any event, even if the new affidavit had been proper, the documents submitted with plaintiff's reply are central to plaintiff's claim and should have been provided with the motion for summary judgment, rather than as an afterthought.

---

[2] The complaint refers to the note as "Exhibit A," but that exhibit is not attached to the complaint. Plaintiff's motion for summary judgment attaches none of these documents.

3

**ORDERED:** Plaintiff's motion for summary judgment is denied.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED: DEC 0 3 2001